Filed 5/27/25  P. v. Prieto CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B338280 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA121881) |
| v. | |
| MELISSA PRIETO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

The trial court sentenced Melissa Prieto to two years in state prison after revoking and terminating her felony probation. Prieto appealed. Prieto's counsel has asked us to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

On an afternoon in May 2023, Prieto became upset when a man working at a business refused to give her a plastic bag. She was chased out of the building. Another man standing in front of the business yelled at Prieto to leave. Prieto threw a large piece of concrete at his head. He ducked and avoided being hit.[1]

The People charged Prieto with one count of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[2] The felony complaint alleged that Prieto had suffered a prior strike in 2019.

In late May 2023, Prieto pled no contest to the assault charge. Pursuant to a plea agreement, the trial court suspended imposition of sentence and placed Prieto on two years of formal felony probation. As a condition of probation, the court ordered Prieto to cooperate with the probation officer in a plan for mental health treatment in the Women's Community Reintegration Program. The court further ordered Prieto to complete a residential treatment program, in addition to other standard probation conditions.

In August 2023, the probation department informed the court that Prieto had failed to report to probation and her

---

[1]    The case was resolved by plea prior to a preliminary hearing. We summarize the underlying facts as stated in the probation report.

[2]    All further statutory references are to the Penal Code.

2

whereabouts were unknown. The court revoked Prieto's probation and issued a bench warrant.

In September 2023, Prieto was arrested for assault and was charged with misdemeanor vandalism. In October 2023, Prieto admitted a probation violation. The trial court revoked and reinstated Prieto's felony probation.

In December 2023, the probation department informed the court that Prieto had again failed to report to probation and was not enrolled in a residential treatment program. The trial court again revoked Prieto's probation and issued a bench warrant.

In March 2024, Prieto appeared in court and asked to represent herself. After taking a *Faretta* waiver,[3] the trial court granted the request. At the next hearing, Prieto addressed the court to explain why she had not complied with the probation conditions. The trial court found a probation violation and terminated probation. The court imposed a two-year low term sentence on the original section 245, subdivision (a)(4) conviction. The court waived all fines and fees.

Prieto appealed.[4] Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende, supra*, 25

---

[3]     *Faretta v. California* (1975) 422 U.S. 806.

[4]     In her notice of appeal, Prieto asserted she was denied the right to counsel after she fired her public defender; she was not "fully heard" during the proceedings; the court did not hear her "testimony or statements" because her microphone was off; she disagreed with the court's decision regarding the probation violation; she was "not helped by the court officers during trial"; and due to her incarceration, she has no opportunity to challenge a pending juvenile dependency case.

Cal.3d 436. We directed appellate counsel to send Prieto the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Prieto could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments she wished this court to consider. Appellate counsel also submitted a declaration stating that he had informed Prieto of her right to file a supplemental brief and had sent her the appellate record. Prieto did not submit a supplemental brief.

We have independently examined the record submitted on appeal and are satisfied that no arguable issues exist, and Prieto's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ADAMS, J.


We concur:



EDMON, P. J.



EGERTON, J.